### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, | ) | |
| 1400 Defense Pentagon | ) | |
| Washington, DC 20301-1400, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Defense ("Defendant") is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On November 26, 2024, Plaintiff submitted a FOIA request to the United States Department of the Navy Personnel Command ("NPC"), a component of Defendant, seeking access to the following public records:

> Within the specified timeline, provide the below details for all cases of O-3 and O-4 Active Duty Officer resignations where the subject officer had greater than or equal to one (1) year left on any service obligation at the time of the submission of his or her resignation. This shall include all information about any resignation that was initially denied and subsequently appealed, regardless of the final outcome.  Do not include any Personally Identifiable Information.  A service obligation could have been the officer's Minimum Service Obligation or an additional service obligation obtained through accepting incentive pay, bonus pay, special pay, graduate education, or a similar benefit.
>
> For each Active Duty Officer resignation that fits the above criteria, we specifically request the following for each case:
> - Rank
> - Designator
> - Designation Submission Date
> - Requested Resignation/Separation Date
> - Resignation Reason (category is sufficient, i.e., family stability, conscious objection, etc.)
> - Resignation submitted due to bona fide hardship IAW MILPERSMAN 1300-500? (Yes or No)
> - Determination (Approved or Denied)
> - Determination Reason/Justification
> - References cited in support of the determination reason/justification
> - Approval or Denial Authority (Rank and Position)
> - Time in Active Duty
> - Reason for Member's service obligation (MSO, incentive pay, bonus pay, graduate education, or similar benefit)
> - Time remaining on any obligated service requirement

- Agreements or stipulations on the member's resignation
  that materially affected the outcome of the decision
- Appealed? (Yes or No)
- Result of Appeal

The request also identified where responsive records were believed to be located:  "Depending

on the approval authority, the requested records may  reside in any of the following offices:

Secretary of the Navy, Deputy Chief of Naval Operations for Manpower and Personnel

Readiness, Naval Personnel Command (PERS-4, PERS-8)."  The timeframe of the request was

identified as "January 1, 2019, through December 31, 2023."

6.      Plaintiff submitted an identical FOIA request to the United States Department of

the Navy, Office of the Chief of Naval Operations  ("OPNAV") on November 26, 2024, seeking

access to the same public records that Plaintiff requested from NPC.  Like NPC, OPNAV is a

component of Defendant.

7.      On November 27, 2024, Plaintiff received an email from the Office of Legal

Counsel, Bureau of Personnel, confirming NPC's receipt of Plaintiff's request on that date and

advising Plaintiff that the request had been assigned tracking number 2024-NavyFOIA-001643

and correspondence file number 5NPC0242.  NPC's email also advised Plaintiff that the request

had been designated as "fall[ing] within "unusual circumstances" but did not expressly invoke

FOIA's 10-day extension of time provision.

8.      On December 2, 2024, Plaintiff received an email from the Office of Legal

Counsel, Bureau of Naval Personnel, purportedly in response to Plaintiff's FOIA request to

OPNAV.  The email acknowledged receipt of Plaintiff's second request on that date and

advised Plaintiff that the request had been assigned tracking number 2025-NavyFOIA-001652

and FOIA correspondence file number 5NPC0247.  The email also asserted that the request had

been determined to be duplicative of the request Plaintiff sent to NPC and was being closed administratively as a result.

9.      As of the date of this Complaint, NPC has failed to:  (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10.     Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

11.     Defendant is in violation of FOIA.

12.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

13.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by December 30, 2024 at the latest. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 11, 2025                    Respectfully submitted,

                                            /s/ *Ramona R. Cotca*
                                            Ramona R. Cotca
                                            D.C. Bar No. 501159
                                            JUDICIAL WATCH, INC.
                                            425 Third Street SW, Suite 800
                                            Washington, DC 20024
                                            Tel:    (202) 646-5172
                                            Fax:    (202) 646-5199
                                            Email:  rcotca@judicialwatch.org

                                            *Counsel for Plaintiff*