UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, <br><br> Defendant. | Civil Action No. 25-0410 (AHA) |

## ANSWER

Defendant, Department of Defense, respectfully answers Plaintiff Judicial Watch, Inc.'s Complaint (ECF No. 1), in this Freedom of Information Act ("FOIA") case. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

### JURISDICTION AND VENUE[1]

1. The allegations in Paragraph 1 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA and pursuant to 28 U.S.C. §1331 and 5 U.S.C. § 552(a)(4)(B).

2. The allegations in Paragraph 2 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**PARTIES**

3. Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

**STATEMENT OF FACTS**

5. Defendant admits that Navy Personnel Command ("NPC") received a FOIA request from Plaintiff, dated November 26, 2024 (the "First Request") and that NPC is a component of Defendant. The remaining allegations in Paragraph 5 purport to characterize Plaintiff's First Request which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the First Request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the First Request.

6. Defendant admits that the Office of the Chief of Naval Operations ("OPNAV") received a FOIA request from Plaintiff, dated November 26, 2024 (the "Second Request") and that OPNAV is a component of Defendant. The remaining allegations in Paragraph 6 purport to characterize Plaintiff's Second Request which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the Second Request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the Second Request.

7. Defendant admits that NPC sent a response to Plaintiff's First Request on November 27, 2024 (the "First Response") and that NPC assigned this request tracking number 2025-NavyFOIA-001643[2] and correspondence file number 5NPC0242. The remaining allegations

---

[2] The body of this response incorrectly refers to tracking number 2024-NavyFOIA-001643. The request, as correctly stated in the subject line of the response, was assigned tracking number 2025-NavyFOIA-001643.

in Paragraph 7 purport to characterize the First Response which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the First Response for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the First Response.

8. Defendant admits that NPC sent a response to Plaintiff's Second Request on December 2, 2024 (the "Second Response")[3] and that NPC assigned this request tracking number 2025-NavyFOIA-001652 and correspondence file number 5NPC0247. The remaining allegations in Paragraph 8 purport to characterize the Second Response which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the Second Response for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the Second Response.

9. Defendant admits that NPC has not produced documents in response to Plaintiff's FOIA request as of the date of the Complaint. Defendant denies that the Department of the Navy was required to produce any such documents in response to the request and denies that Defendant otherwise failed to comply with the FOIA. Defendant denies the remaining allegations in Paragraph 9.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

10. Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

---

[3] The body of this response again incorrectly refers to Plaintiff's First Request as number 2024-NavyFOIA-001643.

11.     The allegations in Paragraph 11 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations and denies any violation of law.

12.     The allegations in Paragraph 12 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations and denies any violation of law.

13.     The allegations in Paragraph 13 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations and denies any violation of law.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA, 5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the

exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions.

## THIRD DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## FOURTH DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA request. *See* 5 U.S.C. § 552.

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## SIXTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## SEVENTH DEFENSE

The information, in whole or in part, that Plaintiff seeks in its FOIA request is exempt from public disclosure under the FOIA, and Defendant has not improperly withheld any records under 5 U.S.C. § 552, as amended.

\*    \*    \*

Dated: March 20, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR.
  D.C. Bar #481866
United States Attorney


By:       */s/ Dedra S. Curteman*
    DEDRA S. CURTEMAN,
      D.C. Bar #90021492
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2550

*Attorneys for the United States of America*